

United States District Court N.D. N.Y

Plaintiff
Maurice Anthony
   -against-

ORC Green, et al. - - - - - - x

Amended Complaint
Under the Civil Rights Act 42 U.S.C § 1983

The Americans with Disabilities Act, 42 U.S.C.A § 12132

The Rehabilitation act, 29 U.S.C.A § 794

Jury Trial Requested

I. Parties in this complaint

A. Plaintiff Maurice Anthony, pro se
Mid-state Corr. Fac. Marcy, N.Y box 2500
13403-0216

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JUL 27 2022
AT____ O'CLOCK____
John M. Domurad, Clerk - Syracuse

B. Defendants

No. 1 ORC Green ; in official & individual capacity
No. 2 ORC Piersma ; in official & individual capacity
No. 3 ORC Williamson ; in offical & individual capacity
No. 4 ORC Bueler ; in official & individual capacity
No. 5 ORC Funk ; in official & individual capacity
No. 6 ORC Rena ; in official & individual capacity
No. 7 ORC Maltalzo ; in official & individual capacity
No. 8 Dept Burns ; in official & individual capacity
No. 9 Dept Kozak ; in official & individual capacity
No. 10 Dept Passage ; in official & individual capacity
No. 11 Dept Venettozzi ; in official & individual capacity
No. 12 Lt Klein ; in official & individual capacity
No. 13 Sgt Mayo ; in official & individual capacity

Defendants  No. 1-13  adresses  are  the  same  mid-state  Corr. Fac.  P.O. box
216,  River  Road  Marcy  New York    13403-0216


except  defendant's  bucler, Green,  & piensona  who  should  be
served  at  the  following  adress :

New  York  State
Department  of  Corrections  and  community  Supervision
The  Harriman  state  Campus-Building  #2
1220  Washington  Avenue
Albany , N.Y   12226-2050

II . Injurys :  Severe  Miscanes. Sleep  loss , weight  loss, Anxiety , depression ,
hopelessness, Insomaia, Due  process , Discrimination, Extreme  emotional  distress.

Plaintiff Maurice Anthony Din # 14A2070 brings this action pro se, as and for his complaint upon knowledge as to himself, and his actions upon information, and belief as to all other matters alleged herein.

## - Nature of Action -

1. This is a civil rights action in which plaintiff Maurice Anthony alleges that several New york state Department of Correction Community Supervision, Officers & other various employees of the department violated his civil rights under 42. U.S.C § 1983 - The eighth & fourteenth amendments to the United States Constitution; The Rehabilitation act of 1973 / 29 U.S.C.A § 794 & the Americans with disabilities Act of 1990 42 U.S.C.A § 12132.

## III        - Statement of Facts -

## (A.D.A & R.A Claims)

2. On 10/7/21 plaintiff arrived at mid-state Corr. Fac & was placed in C1 gallery housing unit to participate in the step down program. The step down programs purpose is to provide segregated/shu inmates an opportunity to rehabilitate and be released to population sooner then the exspiration of the (shu/special housing unit) Sanctions, & is governed by 7 NYCRR 316.3. After plaintiff settled in his cell he requested assistance from several employees about getting his needed accomodations. Plaintiff did not recieve his accomodations.

3. Plaintiff made several complaints & even notified the entire program Management team, hereinafter "pmt Defendants" On severall occasions. PMT defendants include, ORC Green, ORC piersma, ORC williamson, ORC Bueler, ORC Funk, Lt klein, Dept kossk, Dept Burns, Sgt Mayo, ORC Rena, & ORC Maltalzo. These Defendants were reminded of the fact that plaintiff needed his accomodation regularly, & plaintiff encountered these defendants the most during pmt meetings, program hours, & week day rounds. Plaintiff suffers from severe Visual impairement / Legal blindness.

4. Plaintiff notified all defendants of his exact reason for the need of each accomodating item. Even after informing each defendant on several occasions, during meetings, rounds, etc. They ignored plaintiffs pleas for assistance, which prevented plaintiff from participating in program all together which plaintiff needs to rehabilitate back into general population. The accomodations are needed to read write, etc. IF you cant read or write you can't participate and do program workbooks IF you dont have a talking watch to prep you for count you most likely wont be prepared for program or be preped for program early in the morning. Those are just the challenges of an inmate with a sensorial disability.

5. Defendant Dept passage who does rounds often on C1 gallery & is also acting superintendent of mid-state & was made aware by plaintiff the need for accomodations and fabricated his response to prevent plaintiff from successfully getting his accomodations threw grievance by stating that plaintiff refused to sign for his accomodations which was false. (See document # 1-2 (an attached exhibit) Dept passage also prevented plaintiff from getting his talking watch to prep himself for count in violation of directive 2612, which shows his partaking in violating plaintiffs rights and preventing plaintiff from programming successfully. None of the needed accomodations posed a security risk, because plaintiff had been approved of the accomodations periously. All of the aforementioned defendants discriminated against plaintiff, and during pmt the defendants would make jokes about plaintiff being blind, & they would all laugh about it. defendants kosak & williamson also informed plaintiff they personally didit want any blind people in their program. All these defendants showed plaintiff that they conspired against plaintiff because he was disabled, and that reason alone as there were no other reason to prejudice plaintiff.

6. None of plaintiff's accomodations were no more dangerous than the average electronics provided to all incarcerated individuals at step down program, such as headphones law library, tablets, and etc. There was never an occasion in new york state prison where a blind man assaulted an individual or escaped or attempted either of the two with an accomodating item.

7. Plaintiff was also denied his sun glasses that protect him from the bright lights which hurt his eyes, along with his talking watch which also made programming to difficut to progress, & or participate. Plaintiff was not provided with any of the accomodations on page 18 of 89 from plaintiff original complaint see document 1-2 (attached here to as an exhibit), because all of these accomodations given to plaintiff were not working besides the bold pens & when they ran out plaintiff was denied new ones. Plaintiff has been denied reasonable accomodations from the beginning of his stay at mid-state step down unit until todays date continuously.

# Due process Claims

8. Defendant's ORC Green, ORC Piersma, ORC williamson, ORC Bueler, ORC Funk ORC Rena, ORC Maltalzo, Dept Burns, Dept Kozak, Dept passage, Lt klein, Sgt Mayo, & Dept Venettozzi all violated plaintiffs due process by denying plaintiff his accomodations that he was already approved of in his previous facility. All of the defendants mentioned herein has the power to give plaintiff his accomodations, & by denying to do so was a decision to take away plaintiffs accomodations without due process & no good faith reason for doing so. According to directive 2612 the ORC'(s) at plaintiffs previous facility also informed the ORC's at mid-state of plaintiffs need for his accomodations. Plaintiffs record is on file that he was approved for his accomodations previously. In sullivan Correctional facility in 2020. (See document 1 - attached exhibit from original complaint).

9. Plaintiffs rights were violated by all pmt defendants every time they had pmt meeting's because instead of following the step down rules under 7 NYCRR 316.3 and using negative reports to withdraw incentives offered for (SDP) step down program, PMT defendants sanctioned plaintiff, by using these meetings to conduct disciplinary hearings by turning negatives into misbehavior reports herein after (MBR's) and plaintiffs disciplinary due process rights were violated because plaintiff was not afforded an opportunity to call witnesses or be present during his hearing, & plaintiff was not made aware of the fact that these hearings would take place 100 % percent of the time. All of plaintiffs rights in Wolff v. Mcdonell were violated. Plaintiff was sanctioned by pmt defendants, and most of the time his commissary buy was limited to prevent plaintiff from buying food, prevented him from progress in SDP forcing him to stay confined even longer even though he could not progress through meaningful participation in the program due to lack of accomodations.

10. Plaintiffs due process rights were violated by. PMT defendant Klein when defendant Klein authorized officers to take plaintiffs property on 11/18/21 alleging that plaintiff covered his window. Shortly after a misbehavior report was served upon plaintiff in relation to the alleged incident. Then on 12/6/21 Lt Klein violated plaintiff rights by finding plaintiff guilty & not allowing plaintiff to present a defense, or evidence because plaintiff did not have his accomodations. Klein sanctioned plaintiff again for his property which lasted up until the guilty disposition was reversed & vacated due to the fact that plaintiff did not have his accomodations.

11. Plaintiff was also denied access to the courts in violation of his due process rights when they denied plaintiff his reasonable accomodations, and denied to intervene by approving his reasonable accomodations when all defendants had the authority to do so. By reason of all defendants actions plaintiffs article 78 was denied & dismissed because his deadline dates was Feb 14th 2022 & plaintiffs 20/20 pens died that he had from 12/6/21. He was also denied new ones by pmt defendants funk & Kozak when he asked them personally during rounds on the C1 gallery here at step down.

12. All pmt defendants violated plaintiffs due process rights by denying plaintiff access to the courts. Plaintiff had a Civil trial in the court of claims scheduled for Nov 29th, Plaintiff could not participate in trial on the aforementioned date because plaintiff did not have his accomodations because all pmt defendants denied in assisting plaintiff when they all had the power to assist plaintiff even after being notified of plaintiffs need for his accomodations. Plaintiff had inmate dushane Fraser write the judge on his behalf to inform the judge he could not participate in his civil trial, Judge hudson then wrote Donald venetozzi & Superintendent passage at mid-state corr. fac ordering them to give plaintiff his accomodations. The Claim number is No. 129364.

## IV. Relief requested by plaintiff

Plaintiff respectfully request a judgment against defendants jointly and severally, as follows:

In favor of plaintiff for 1.2 million dollars in compensatory damages;

also awarding plaintiff 1.8 million dollars in punitive damages;

plaintiff also request that all defendents are terminated from their jobs without pay;

Awarding plaintiff attorney fees, & granting such other & further relief as this court my deem just, proper and equitable.

Case 9:22-cv-00113-GLS-ATB    Document 18    Filed 07/27/22    Page 8 of 48
Case 9:22-cv-00378-BKS-CFH  Document 2  Filed 04/22/22  Page 46 of 56
Case 9:22-cv-00113-GLS-ATB  Document 1-2  Filed 02/07/22  Page 1 of 39

N-155

Form 2512B (4/15)
Page 1

PHOTOCOPY LOCALLY AS NEEDED

STATE OF NEW YORK – DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

## REQUEST FOR REASONABLE ACCOMMODATIONS FOR INMATES WITH SENSORIAL DISABILITIES

Date 12.23.19

Inmate's Name Anthony, M    DIN 14A2070 Facility Sullivan

☐ I do not request reasonable accommodations

☒ I request reasonable accommodations as indicated below for the following program or service: _____

Check to indicate request

| HEARING IMPAIRMENT | | | VISUAL IMPAIRMENT | | |
|---|---|---|---|---|---|
| Requested | | Approved | Requested | | Approved |
| ☐ | Qualified Sign Lang. Interpreter | ☐ | ☒ | Large Print | ☒ |
| ☐ | TTD/TTY | ☐ | ☐ | Orientation & Mobility Instruct | ☐ |
| ☐ | Telephone Amplifier | ☐ | ☐ | Mobility Assistants/Sighted Guide | ☐ |
| ☐ | Closed Caption Television | ☐ | ☐ | Guidance Cane | ☐ |
| ☐ | Sound Amplification Systems | ☐ | ☐ | Support Cane | ☐ |
| ☐ | Hearing Aids/Batteries | ☐ | ☐ | Braille Print | ☐ |
| ☐ | Notification Systems | ☐ | ☐ | Braille Equipment | ☐ |
| ☐ | Visual Smoke Detector | ☐ | ☒ | Magnifiers | ☒ |
| ☒ | Preferred Seating | ☐ | ☒ | Tape Player/Cassettes | ☒ |
| ☐ | Shake Awake Alarm | ☐ | ☒ | Lamp | ☒ |
| ☐ | Pocket Talker | ☐ | ☒ | Visor/Sunglasses for indoor use | ☒ |
| | | | ☐ | Other_____ | ☐ |

See attached
(Inmate's Signature)        (Staff Name/Title)        J. Sircable, OEC  (Staff Signature)

MEDICAL VERIFICATION (Use established definitions)
☒ Severe Visual Impairment (V230)   ☐ Legally Blind (B240)   ☐ Non Significant Hearing Loss (HL30)
☐ Hard of Hearing (HL20)        ☐ Deaf (HL10)
☐ No Medical Verification on File Follow-up Appointment Necessary? ☐ Yes ☐ No

D. Hinton, NA        D. Hinton, NA        12/30/19
(Medical Staff - Name/Title)        (Med. Staff Signature)        (Date)

Return this form to the Staff member whose name appears next to the inmate's signature above.

REASONABLE ACCOMMODATION DETERMINATION
The reasonable accommodations requested above have been:

☐ Approved as requested
☒ Modified - accommodations which have been approved are marked above
☐ Denied
☐ Pending medical verification
EXPLANATION of modification or denial: Per directive 2612

Act SOAC  J. Dewitt        (Signature)        12/31/19
(DSP or designee)        (Signature)        (Date)

This section is to be completed by the inmate.
☒ I agree      ☐ I disagree with this determination
☐ I want to meet with the Superintendent or designee during this review.
☐ I want to have an interpreter with me or other assistive device during this meeting.

1-3-20

(Inmate's Signature)        (Date)

1/13/11

THE NEW WAVES

— EILEEN F, FAZZONE CHIEF
/ CLERK
NYS Court of Claims

Po Box 7344

CAPATEL STATE w Albany NY

12224






 **NEW YORK STATE** | **Corrections and Community Supervision**

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

## MEMORANDUM

To: Anthony, M. 14A2070 C1-8

From: PMT

Date: 10/27/21

Subject: PMT Decision notice / negative informational / MBR

The Program management team met on 10/27/21 to discuss recent informational reports. Behaviors identified and addressed include:

- Refusing to stand for the count
- Eligible for Phase 1

The PMT has made the following decision:

- PMT 10/29.  Stamp and Hygiene commissary buy only
- Re-evaluate 1 week

All decisions are made by the PMT as a team and are not open to negotiation. If you have questions/concerns about the decision you can bring them up to your assigned ORC during rounds. The classroom is a place of learning and development and will remain as such. If you choose to discuss grievances during class time the ORCs have been instructed to immediately remove you from class.

CC. File, Inmate

---

Mid-State Correctional Facility, 9005 Old River Road, P.O. Box 216, Marcy, NY 13403-0216 | (315) 768-8581 | www.doccs.ny.gov

 **Corrections and Community Supervision**

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

## MEMORANDUM

To: Anthony, M. 14A2070 C1-8

From: PMT

Date: 11/3/21

Subject: PMT Decision notice / negative informational / MBR

The Program management team met on 11/3/21 to discuss recent informational reports. Behaviors identified and addressed include:

- Eligible for Phase 1

The PMT has made the following decision:

- Approved effective 11/8

All decisions are made by the PMT as a team and are not open to negotiation. If you have questions/concerns about the decision you can bring them up to your assigned ORC during rounds. The classroom is a place of learning and development and will remain as such. If you choose to discuss grievances during class time the ORCs have been instructed to immediately remove you from class.

CC. File, Inmate

# PLS Prisoners' Legal Services
## of New York

41 State Street, Suite M112 • Albany, New York 12207
Tel: (518) 438-8046 • Fax: (518) 438-6643

**Executive Director**
Karen L. Murtagh
**Deputy Director**
Betsy Hutchings

**Managing Attorney**
Sophia Heller
**Senior Supervising Attorney**
James Bogin

**Staff Attorneys**
John Amodeo
Mary Cipriano-Walter
Matthew McGowan

November 10, 2021

Mark Passage, Superintendent
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403-2500

### Re: Maurice Anthony, 14-A-2070
### Request for Reasonable Accommodations

Dear Superintendent Passage:

I am writing on behalf of my client, Maurice Anthony, to request that he be provided with all reasonable accommodations necessary to address his visual impairment.

Mr. Anthony was recently transferred from the Special Housing Unit at Sullivan Correctional Facility to Mid-State Correctional Facility, where he reports being enrolled in the Step Down to General Population Program. He reports that since his transfer more than three weeks ago, he has been denied equipment and services for which he was previously

November 10, 2021
Page | 2

approved at Sullivan C.F., and which are essential for his daily functioning.

Mr. Anthony has a medically-verified severe visual impairment for which the Department has previously approved numerous daily accommodations, including large print materials, a lamp, a tape player and cassettes, a guidance cane, and magnifiers (*see* attached Form 2612B). Pursuant to Directive No. 2612, he is also entitled to receive two 20/20 low vision pens and bold-lined paper. Finally, because Directive 2612 also entitles all individuals with severe visual impairments to receive large text or enlarged text materials in educational settings, we ask that any written materials required for the Step-Down program be provided to him in adequate format, in addition any other reasonable accommodations that may be necessary for full and meaningful participation in the program.

Thank you for your attention to this time-sensitive matter.

Sincerely yours,

Matthew McGowan
Senior Staff Attorney

Enc: Form 2612B
      Release authorization

November 10, 2021
Page | 3

# OCA Form 960 medical release authorization (photocopy)

## cc:  ADA Coordinator

# PLS

# Prisoners' Legal Services
# of New York

41 State Street, Suite M112 • Albany, New York 12207
Tel: (518) 438-8046 • Fax: (518) 438-6643

**Executive Director**
Karen L. Murtagh
**Deputy Director**
Betsy Hutchings

**Managing Attorney**
Sophia Heller
**Senior Supervising Attorney**
James Bogin

**Staff Attorneys**
John Amodeo
Mary Cipriano-Walter
Matthew McGowan

November 10, 2021

## PRIVILEGED AND CONFIDENTIAL
## LEGAL MAIL

Maurice Anthony
14-A-2070
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403-2500

Dear Mr. Anthony:

I received your recent letter and voicemail concerning your transfer to Mid-State Correctional Facility. While I was glad to learn that you had finally been transferred for enrollment in the Step-Down Program at Mid-State, I was alarmed to hear that you are not being provided any reasonable accommodations.

I have written to both the superintendent and the ADA coordinator at the facility to ask that you receive accommodations immediately, and have provided the documentation that we have on file of your prior approval for accommodations at Sullivan. I would appreciate it if you

Maurice Anthony
November 10, 2021
Page | 2

could update me as to any further developments regarding
your access to accommodations, whether they are granted or
continue to be withheld.

If you continue to not receive the accommodations you need,
we will determine if there are further steps we can take on
your behalf.

Sincerely yours,

Matthew McGowan
Senior Staff Attorney


Enc: Submission to Superintendent and ADA Coordinator
dated 11-10-21

 **NEW YORK STATE**

# Corrections and Community Supervision

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

## MEMORANDUM

To: Anthony, M. 14A2070 C1-8

From: PMT

Date: 11/12/21

Subject: PMT Decision notice / negative informational / MBR

The Program management team met on 11/12/21 to discuss recent informational reports. Behaviors identified and addressed include:

- Refusing to uncover overhead light

The PMT has made the following decision:

- 14 day tablet dep.

All decisions are made by the PMT as a team and are not open to negotiation. If you have questions/concerns about the decision you can bring them up to your assigned ORC during rounds. The classroom is a place of learning and development and will remain as such. If you choose to discuss grievances during class time the ORCs have been instructed to immediately remove you from class.

CC. File, Inmate

 **Corrections and Community Supervision**

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

## MEMORANDUM

To: Anthony, M. 14A2070 C1-8

From: PMT

Date: 11/17/21

Subject: PMT Decision notice / negative informational / MBR

The Program management team met on 11/17/21 to discuss recent informational reports. Behaviors identified and addressed include:

• Refused to stand for count

The PMT has made the following decision:

• Stamp and hygiene buy

All decisions are made by the PMT as a team and are not open to negotiation. If you have questions/concerns about the decision you can bring them up to your assigned ORC during rounds. The classroom is a place of learning and development and will remain as such. If you choose to discuss grievances during class time the ORCs have been instructed to immediately remove you from class.

CC. File, Inmate

 **NEW YORK STATE** | # Corrections and Community Supervision

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

## MEMORANDUM

To: Anthony, M. 14A2070 C1-8

From: PMT

Date: 11/19/21

Subject: PMT Decision notice / negative informational / MBR

The Program management team met on 11/19/21 to discuss recent informational reports.
Behaviors identified and addressed include:

- Refused to stand for count, covering cell window with towel, refusing to take it down thus delaying the count.

The PMT has made the following decision:

- Stamp and Hygiene buy only to continue until incarcerated individual begins to stand for the count as required.

All decisions are made by the PMT as a team and are not open to negotiation. If you have questions/concerns about the decision you can bring them up to your assigned ORC during rounds. The classroom is a place of learning and development and will remain as such. If you choose to discuss grievances during class time the ORCs have been instructed to immediately remove you from class.

CC. File, Inmate

I'm Writing in regards to Mr. M. Anthony 14A2070 he's
Currently incarcerated at mid-State Correctional facility he's
been at this facility for a month and a half and
Do to the fact that he's legally blind and Visually
impaired he's entitled to certain accommodations Per directive
2612) that's Not Being provided to him and he WAS provided
these items at his previous facility (Sullivan Correctional facility)
he's stuck in a cell and can't write or file Any complaints

 **NEW YORK STATE** | **Corrections and Community Supervision**

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

## MEMORANDUM

To: Anthony, M. 14A2070 C1-8

From: PMT

Date: 11/24/21

Subject: PMT Decision notice / negative informational / MBR

The Program management team met on 11/24/21 to discuss recent informational reports. Behaviors identified and addressed include:

- Refusing to stand for count
- Covering overhead light and being disrespectful to staff
- Covering cell window and refusing to take it down

The PMT has made the following decision:

- PMT 12/3/21

All decisions are made by the PMT as a team and are not open to negotiation. If you have questions/concerns about the decision you can bring them up to your assigned ORC during rounds. The classroom is a place of learning and development and will remain as such. If you choose to discuss grievances during class time the ORCs have been instructed to immediately remove you from class.

CC. File, Inmate

**RECEIVED**

**NEW YORK STATE** | **Corrections and Community Supervision**

**120621**

**PLSNY - ALBANY**

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

November 30, 2021

Matthew McGowan, Senior Staff Attorney
Prisoners' Legal Service of New York
41 State Street, Suite M112
Albany NY 12207

RE:  Maurice Anthony, 14A2070

Dear Attorney McGowan:

I am in receipt of your letter regarding a request for reasonable accommodations for Maurice Anthony 14-A-2070, an incarcerated individual at Mid-State Correctional Facility. Mr. Anthony was recently transferred from the special housing unit at Sullivan Correctional Facility to Mid-State Correctional Facility where he is now enrolled in the Step Down to General Population Program. You have indicated that he has advised you that he has been denied equipment and services for which he was previously approved for at Sullivan Correctional Facility, and which are essential for his daily functioning.

The incarcerated individual has a medically verified visual impairment for which the Department has previously approved numerous daily accommodations. A review of the incarcerated individuals request has been completed, and he has been provided with the essential equipment and services that he needs for his daily functioning. In addition, he has been provided with two 20/20 low vision pens, bold-lined paper, and the written materials required for participation in the Step-Down program in the adequate format.

He was originally scheduled for a Glaucoma clinic on 10/25/21 but refused to go. Our Facility Medical Director saw him on 11/4/21, counselled him and rescheduled the appointment. The results of that visit are pending.

Thank you again for bringing this issue to my attention.

Sincerely,

Don Venettozzi,
First Deputy Superintendent

DV/sh
cc:  File

 **Corrections and Community Supervision**

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

## MEMORANDUM

To: Anthony, M 14a2070

From: PMT

Date: 12/01/21

Subject: PMT Decision notice / negative informational / MBR

The Program management team met on 12/01/21 to discuss recent informational reports. Behaviors identified and addressed include:

- 11/26 refuse to stand for count

The PMT has made the following decision:

- Continue phase 1 privileges, Stamps and Hygiene only commissary

All decisions are made by the PMT as a team and are not open to negotiation. If you have questions/concerns about the decision you can bring them up to your assigned ORC during rounds. The classroom is a place of learning and development and will remain as such. If you choose to discuss grievances during class time the ORCs have been instructed to immediately remove you from class.

CC. File, Inmate



**Corrections and
Community Supervision**

KATHY HOCHUL
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

I incarcerated individual Anthony 14A2070 was issued the following items on
December 6, 2021:

**MA** 1 WHITE LIGHTED MAGNIFIER 7.5" X 3.5"

**MA** 1 WHITE DESK LAMP WITH BULB

**MA** 1 BLACK AND WHITE AUDIO BOOK READER

**MA** 6 SHEETS OF WIDE RULE LINED PAPER (1 FOR 1 EXCHANGE)

**MA** 2 BOLD WRITER 20 PENS (1 FOR 1 EXCHANGE)

**MA** 1 GREEN HAT WITH VISOR

I understand that I am responsible for the care of these items and that I am
expected to ensure that these items are in working order. I also understand
that these items will be inspected periodically by staff.

Incarcerated individual: _____ 12-6-21

Issuer: _____

Page 1 of 1

NOTICE
(PENAL LAW – 210.45)

IN A WRITTEN INSTRUMENT, ANY PERSON WHO KNOWINGLY MAKES A FALSE STATEMENT IN WHICH SUCH PERSON DOES NOT BELIEVE TO BE TRUE
HAS COMMITTED A CRIME UNDER THE LAWS OF THE STATE OF NEW YORK AND IS PUNISHABLE AS A CLASS A MISDEMEANOR.

$H.^{!}d$   $+D\,5$

,, $bh\,9\ 0\,8\ 9,$,
//

Midstate **Correctional Facility**

# INMATE MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL RECLUSO

| 1. NAME OF INMATE (Last, First) ♦ NOMBRE DEL RECLUSO (Apellido, Nombre) | NO. ♦ NÚM. | HOUSING LOCATION ♦ CELDA |
|---|---|---|
| Anthony, Maurice | 14A2070 | OS-C1-8B |

| 2. LOCATION OF INCIDENT ♦ LUGAR DEL INCIDENTE | INCIDENT DATE ♦ FECHA | INCIDENT TIME ♦ HORA |
|---|---|---|
| building 125 clgallery 8 cell | 11-18-2021 | approximately 10:05 Pm |

**3. RULE VIOLATION(S) ♦ VIOLACIÓN/ES**

10b.10 - Direct order     112.21 - count violation

107.10 - Interference     112.22 - Obstruct visibility

112.20 - Delay count

**4. DESCRIPTION OF INCIDENT ♦ DESCRIPCIÓN DEL INCIDENTE**

On the above date and approximately 10:05 Pm I co J. Lynch was conducting a master count on C1-gallery and I observed I/I Anthony, maurice 14A2070 s-c1-8B covering his cell window with a green state towel. I gave I/I Anthony Severa. direct orders to take the towel down as he was interfering with the facility master count. I/I Anthony just kept saying to put the game on and refused to show himself for the 10:00 P.m. facility standing master count. I notified my area supervisor and he then had to respond to the area. After several minutes had elapsed I/I Anthony removed the towel from his window before the area supervisor arrived on scene. No further incident occured.

| REPORT DATE ♦ FECHA | REPORTED BY ♦ NOMBRE DE LA PERSONA QUE HACE EL INFORME | SIGNATURE ♦ FIRMA | TITLE ♦ TÍTULO |
|---|---|---|---|
| 11-18-2021 | J. Lynch | J. Lynch | CO |

**5. ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES (if any)**     SIGNATURES:

ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay)     FIRMAS:   1.

2.                                                            3.

**NOTE: Fold back Page 2 on dotted line before completing below.**

DATE AND TIME SERVED UPON INMATE   11/70/21   9 am     NAME AND TITLE OF SERVER

FECHA HORA DADO AL RECLUSO     NOMBRE Y TÍTULO DEL QUE ENTREGA

You are hereby advised that no statement made by you in response to the charges or information derived therefrom may be used against you in a criminal proceeding. ♦ Por este medio se le informa que no se puede usar ninguna declaración hecha por usted como respuesta al cargo o la información derivada de ella en una demanda criminal.

## NOTICE ♦ AVISO

**REVIEWING OFFICER (DETACH BELOW FOR VIOLATION HEARING ONLY)**

You are hereby notified that the above report is a formal charge and will be considered and determined at a hearing to be held. ♦ Por este medio se le notifica que el informe anterior es un cargo formal el cual se considerará y determinará en una audiencia a celebrarse.

The inmate shall be permitted to call witnesses provided that so doing does not jeopardize institutional safety or correctional goals. ♦ Se le permitirá al recluso llamar testigos con tal de que al hacerlo no pondrá en peligro la seguridad de la institución o los objectivos del Departamento.

If restricted pending a hearing for this misbehavior report, you may write to the Deputy Superintendent for Security or his/her designee prior to the hearing to make a statement on the need for continued prehearing confinement. ♦ Si está restringido pendiente a una audiencia por este informe de mal comportamiento, puede escribirle al Diputado del Superintendente para Seguridad o su representante antes de la audiencia para que haga una declaración acerca de la necesidad de continuar bajo confinamiento, previo a la audiencia.

Distribution: WHITE - Disciplinary Office   CANARY - Inmate (After review) ♦ Distribución: BLANCA - Oficina Disciplinaria   AMARILLA - Recluso (después de la resión)

TO: THE SUPERINTENDENT MR. PASSAGE
FROM: ANTHONY M 14A2070
DATE: 12·7·21
REASON: "TIER II APPEAL"
DATE OF HEARING: 12·6·21
DATE HEARING END: 12·6·21
DATE HEARING START: 12·6·21
HEARING TOOK PLACE AT THE MID-STATE CORR.
FAC.

#1. THE HEARING OFFICER REFUSE TO
PROVIDE ME WITH AUDIO AND VIDEO TO
PROVE MY CASE... I NEEDED THE AUDIO TO
SHOW THAT I WAS NOT YELLING FOR THE
OFFICER TO TURN THE GAME ON I WAS
YELLING C-1-8 CELL NEED TO SPEAK TO
MENTAL HEALTH NOT PUT THE GAME ON —
WITHOUT ME GETTING THE VIDEO AND AUDIO
I COULD NOT PROVE MY INNOCENTS.... THE
HEARING OFFICER DID NOT ATTEMPT TO GET
ANY EVIDENCE OR WITNESS FOR ME TO HAVE

THIS HEARING SHOUID BE TERMINATED AND ALL DISPOSITION SANCTIONS SHOULD BE DISMISS.

# 2. I WAS NOT PREPARED FOR THE HEARING OR COUID NOT PARTICIPATE IN THE COURSE OF THE HEARING IN TOTALITY BECAUSE I HAD NO! ACCOMMODATIONS TO UNDERSTAND IN FULL TOTALITY TO WHAT WAS GOING ON... I COUID NOT READ THE INFRACTIONNOR WRITE TO PREPARE A DEFENSE. WITH THAT BEING SAID THIS HEARING SHOUID BE TERMINATED AND ALL DISPOSITION SANCTION SHOULD BE DISMISS. I ASK HEARYIN FFICER IS HE AWARE OF MY DISABILITY HE IGNORE ME

# 3. PER CHAPTER 5 THIS HEARING SHOUID HAVE STARTED WITHIN 14 DAYS AND BEEN OVER AND DONE WITH BY THE 14TH DAY... THERE FOR THE EXJENION THAT WAS READ INTO THE IECORD IS A FABRICATED DOCUMENT... HEARING OFFICER IED ROUNDS ALL WEEK 2 WEEKS STRIAGHT EN TONE.. THIS HEARING OFFICER I STOP

ON MANY OCASSIONS TO ASK ABOUT MY
ACCOMMODATIONS HE WAS PRESENT IN THE
BUILDING MANY TIMES, THIS HEARING OFFICER
WAS AVIABLE TO START THE HEARING ... I
ASK HEARING OFFICER TO PROVIDE ME WITH
AUDIO AND VIDEO FOR A WITNESS HE
IGNORED MY REQUEST AND WENT ON TO
FINISH THE HEARING ...... THERE FOR THIS
HEARING SHOULD BE DISMISS AND SHOULD BE
TERMINATED... ALL DISPOSSTION SACTH
SANCTIONS SHOULD BE TERMINATED.... THE
HEARING OFFICER ACTED VERY UNPROFESSIONAL
AND I DID NOT HAVE A FAIR HEARING
THERE FOR ALL DISPOSSTION SANCTIONS by
HEARING OFFICER SHOULD BE TERMINATED
AND DISMISS IF NOT I'LL PROCEED TO
ARTICLE 78...... I RECEIVED INFRACTION ON
11-20-21 HEARING STARTED ON 12-6-21 INCIDENT
HAPPEN ON 11-18-21 WAY PAST DEADLINE PER
CHAPTER 5
# 4. AT THE HEARING I ASK THE HEARING

AND VIDEO TO SHOW AND PROVE THAT I WAS ALREADY SANCTION FOR THIS ISSUE... MY PROPERTY WAS TAKEN FOR 6 DAYS... MY PROPERTY WAS TAKEN FROM MY CELL ON 11.21.21 UNTIL 11.29.30.... I ASK FOR THE AUDIO AND VIDEO TO SHOW THAT ACTION WAS ALREADY TAKEN AGAINST ME BY THE HEARING OFFICER HIMSELF YET HE HIMSELF IS GIVEN ME MORE SANCTION FOR THE SAME CHARGES... ALL CHARGES AND DISPOSSITIONS SANCTION SHOULD ALL BE TERMINATED AND DISMISS.

 **NEW YORK STATE** | **Corrections and Community Supervision**

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

## MEMORANDUM

To: Anthony, M. 14A2070 C1-8

From: PMT

Date: 12/8/21

Subject: PMT Decision notice / negative informational / MBR

The Program management team met on 12/8/21 to discuss recent informational reports. Behaviors identified and addressed include:

• Phase 2 eligibility.

The PMT has made the following decision:

• Denied until I/I stands for count. Re-evaluate in one week if no negatives are received.

All decisions are made by the PMT as a team and are not open to negotiation. If you have questions/concerns about the decision you can bring them up to your assigned ORC during rounds. The classroom is a place of learning and development and will remain as such. If you choose to discuss grievances during class time the ORCs have been instructed to immediately remove you from class.

CC. File, Inmate

TO: THE GRIEVANCE OFFICE / MY GRIEVANCE
FROM: ANTHONY M MAZOTO
LOCKED: J - BLOCK ... C - 1 - 8 CELL ....
DATE: 12 · 9 · 21 ......

22-CT
not receiving
accomodations

I AM GRIEVIN' THE FACT THAT UPON MY
ARRIVAL TO THE MID-STATE CORR. FAC. I'VE
INFORM SECURITY THAT I NEED MY
ACCOMMODATIONS TO FUNCTION IN MY
CELL... I'VE EVEN WENT TO THE P.M.T
CALLOUT TO EXPLAIN TO THE STAFF THAT I
NEED ALL MY ACCOMMODATIONS IN MY CELL...
I'VE ALSO EXPLAIN TO THEM THAT I NEED
MY TALKIN' WATCH INORDER FOR ME TO
PREP MYSELF TO STAND FOR COUNT BOTH
DEPUTY'S SECURITY "B" AND "K" WHO'S HEAD
OF THE TREATMENT TEAM CLAIMED THAT THEY
ARE NOT GIVING ME MY TALKIN' WATCH...
I EXPLAIN TO THEM THAT UNDER DIRECTIVE
2612 AND 2612B, 2614 THAT I AM ALLOW
TO HAVE MY TALKIN' WATCH... THEY TOTALLY
IGNORED ME AND PROMISE ME THAT I WILL

NEVER GET MY WATCH... WITH THAT
BEIN' SAID ALL STAFF IGNORE ME AND
MY DISABILITY... # 2 SECOND CLAIM
THE FACILITY AND ALL STAFF REFUSE TO
GIVE ME MY ACCOMMODATIONS I DID
NOT HAVE ANY OF MY ACCOMMODATION
IN MY CELL FOR 60 DAYS I'VE BEEN
STRUGGLING AS A RESULT FOR NOT HAVIN'
MY ACCOMMODATIONS... MY ACCOMMODATIONS
WAS JUST SITTIN' IN MY BIN FOR 60
DAYS.... WITH A RESULT FOR NOT HAVIN'
MY ACCOMMODATIONS ALL STAFF TREAT-
MENT TEAM BEEN WRITIN' ME NEGATIVE
INFRACTIONS WHICH THEY ALL INTERF
WITH MY GROWTH AND DEVELOPEMENT IN
THE PROGRAM. # 3 MY THIRD CLAIM I
NEED MY UC TV TO DO MY LEGAL WORK
AND THEY REFUSE TO GIVE IT TO ME....
I NEED ALL MY ACCOMMODATIONS SO I CAN
FUNCTION IN MY CELL IF NOT ALL STAFF
SHOULD BE REPORT TO THE A.D.A

NO. 2612, Inmates With Sensorial Disabilities

DATE    11/16/2007    PAGE 10 of 12

Attachment B                                    PHOTOCOPY LOCALLY AS NEEDED

## REQUEST FOR REASONABLE ACCOMMODATIONS

Date **1·22·20**

Inmate's Name **Anthony. M**    Din # **14A2070** Facility **Sullivan**

☐ I do not request reasonable accommodations

☑ I request reasonable accommodations as indicated below for the following program or service:

Check to indicate request

| HEARING IMPAIRMENT | | VISUAL IMPAIRMENT | |
|---|---|---|---|
| Requested | Approved | Requested | Approved |
| ☐ Qualified Sign Lang. Interpreter | ☐ | ☐ Large Print | ☐ |
| ☐ TTD/TTY | ☐ | ☐ Orientation & Mobility Instruct. | ☐ *as needed* |
| ☐ Telephone Amplifier | ☐ | ☐ Mobility Assistants/Sighted Guide | ☐ |
| ☐ Closed Caption Television | ☐ | ☐ Guidance Cane | ☐ |
| ☐ Sound Amplification Systems | ☐ | ☐ Support Cane | ☐ |
| ☐ Hearing Aids/Batteries | ☐ | ☐ Braille Print | ☐ |
| ☐ Notification Systems | ☐ | ☐ Braille Equipment | ☐ |
| ☐ Visual Smoke Detector | ☐ | ☐ Magnifiers | ☐ |
| ☐ Preferred Seating | ☐ | ☐ Tape Player/Cassettes | ☐ |
| ☐ Shake Awake Alarm | ☐ | ☐ Lamp | ☐ |
| ☐ Pocket Talker | ☐ | ☐ Visor/Sunglasses for indoor use | ☐ |
| | | ☑ Other **Shirt eye protection** | ☐ |

_____    **J. Sircable, ORC**    _____
(Inmate's Signature)    (Staff Name/Title)    (Staff Signature)

## MEDICAL VERIFICATION (Use established definitions)

☑ Severe Visual Impairment (V230)    ☐ Blind (B240)    ☐ Non Significant Hearing Loss (HL30)
☐ Hard of Hearing (HL20)    ☐ Deaf (HL10)
☐ No Medical Verification on File    Follow-up Appointment Necessary? ☐ Yes    ☐ No

**D. Hinton, NA**    _____    **1/28/2020**
(Medical Staff - Name/Title)    (Med. Staff Signature)    (Date)

Return this form to the Staff member whose name appears next to the inmate's signature above.

## REASONABLE ACCOMMODATION DETERMINATION

The reasonable accommodations requested above have been:
☐ approved as requested
☑ modified - accommodations which have been approved are marked above ☒
☐ denied
☐ pending medical verification

EXPLANATION of modification or denial: **While learning the lay-out of the**

**E. Simmons, SORC**    _____    **2/20/20**    **facility,**
(DSP or designee)    (Signature)    (Date)    **a mobility**

This section is to be completed by the inmate.    **guide can**
☐ I agree    ☐ I disagree with this determination.    **assist**
☐ I want to meet with the Superintendent or his/her designee during this review.    **upon reque**
☐ I want to have an interpreter with me or other assistive device during this meeting.

_____    **1·31·20**
(Inmate's Signature)    (Date)

Distribution: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Medical, OMH, Parole, ADA Coordinator (Central Office)

**GRIEVANCE PROCEDURE:** Any inmate who believes that he or she has been discriminated against because of a disability, or who disagrees with a decision on his or her request for a reasonable accommodation, can submit complaints pursuant to Directive #4040. The facility shall send all decisions rendered by the Superintendent or designee on reasonable accommodation grievances to the ADA Coordinator, and the Office of Diversity and Inclusion in Central Office. The ADA Coordinator shall have the authority to initiate a review of any denied request for accommodations or any denied grievance.

## TRANSFERS OF INMATES WITH SENSORIAL DISABILITIES

A. Not all facilities can accommodate inmates with sensorial disabilities. Transfer requests (both scheduled and unscheduled) for inmates who are deaf (HL10), hard of hearing (HL20), legally blind (B240), or severely visually impaired (V230) must indicate the inmate's disability on the transfer request. It is the responsibility of the person submitting the transfer request (usually the ORC) to indicate the inmate's sensorial disability.

B. DOCCS shall use best efforts to transfer inmates who are LB/SVI directly from one facility to the receiving facility. These inmates shall not be held overnight at an in-transit facility during transfer unless necessary. Any stay at an in-transit facility should not be longer than two days and the receiving facility shall make best efforts not to place an inmate who is LB/SVI in a cell with another inmate at the in-transit facility. If a transfer of an inmate with a sensorial disability involves an overnight stay at an interim facility, it is the responsibility of the sending facility's Inmate Record Coordinator (IRC) to alert the interim facility of the needs of the inmate. Facilities should avoid transfers of inmates with sensorial disabilities immediately prior to weekends or holidays, in order to avoid weekend or holiday stays in interim facilities.

C. SHU to SHU transfers of inmates who are deaf (HL10), hard of hearing (HL20), legally blind (B240), and/or severely visually impaired (V230) must be to another designated facility.

D. Personal Items provided to an inmate with a sensorial disability as reasonable accommodations, such as a Shake-Awake alarm, phone amplifier, or talking watch, will be sent with the inmate upon transfer to another facility which is designated for the sensorially disabled. This equipment should be transferred via the IRC Office under separate cover. The sensorial staff at the receiving facility will be responsible for the reissue of the equipment as appropriate.

Other items of reasonable accommodation, such as talking calculators, pocket talkers, etc., are loaned to the inmate and should be kept at the loaning facility.



# PLS Prisoners' Legal Services
## of New York

41 State Street, Suite M112 • Albany, New York 12207
Tel: (518) 438-8046 • Fax: (518) 438-6643

**Executive Director**
Karen L. Murtagh
**Deputy Director**
Betsy Hutchings

**Managing Attorney**
Sophia Heller
**Senior Supervising Attorney**
James Bogin

**Staff Attorneys**
John Amodeo
Mary Cipriano-Walter
Matthew McGowan

December 17, 2021

**PRIVILEGED AND CONFIDENTIAL
LEGAL MAIL**

Maurice Anthony
14-A-2070
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403-2500

Dear Mr. Anthony:

I received your message letting me know that you still had not received the reasonable accommodations you need for your daily life that were previously approved at Sullivan C.F. I then also received a letter from First Deputy Superintendent Don Venettozzi in response to my advocacy seeking the restoration of your accommodations at Mid-State. Mr. Venettozzi let me know that your prior accommodations have been approved and provided, including two 20/20 pens, bold-lined paper, and large-print versions of the written materials you need for the Step-Down Program.

I'm writing to confirm if Mr. Venettozzi's letter is accurate. If you would please let me know whether you have received the

Maurice Anthony
December 17, 2021
Page | 2

reasonable accommodations that you need, I would appreciate it.
I will wait to hear back from you.


Sincerely yours,

Matthew McGowan
Senior Staff Attorney


Enc: Correspondence from Don Venettozzi dated 11/30/21

| NEW YORK STATE **Corrections and Community Supervision** | GRIEVANCE NO.<br>MS-0349-21 | HEARING DATE<br>12/23/21 |
|---|---|---|
| | GRIEVANT NAME<br>Anthony, M. | DIN<br>14A2070 |
| **INCARCERATED GRIEVANCE PROGRAM** | FACILITY<br>Mid-State | HOUSING UNIT<br>C1-8B |
| **IGRC HEARING RESPONSE** | HELD IN ABSENTIA<br>☑ YES ☐ NO   If yes, why:   In SDP | |

## Response of IGRC:

ACCEPTED: several accommodations were approved, other issues are security related and needs to be addressed as such.

Chairperson: _____     IGRC Members: _____

Date Returned to Grievant: 12/23/21

## Appeal:

If you wish to appeal, please check the appropriate box below and return within 7 calendar days to the IGRC office at the facility where the grievance was filed.*

☐ I disagree with the IGRC response and wish to appeal to the Superintendent.

☐ I have reviewed the Deadlocked response. Refer to Superintendent.

☐ I agree with the IGRC response and wish to appeal to the Superintendent.

☐ I want to apply to the IGP Supervisor for review of the IGRC dismissal.

Grievant Signature: _____     Date: _____

*An exception to the time limit may be requested under Directive #4040, § 701.6 (g).

**To be completed by Grievance Clerk**

Grievance Clerk Signature: _____     Date Received: _____

Date Forwarded to Superintendent For Action: _____

FORM 213 I (Reverse) (12/21)

| NEW YORK STATE **Corrections and Community Supervision** | GRIEVANCE NO.<br>MS-0349-21 | DATE FILED<br>12/22/21 |
|---|---|---|
| | FACILITY<br>MSCF | POLICY DESIGNATION<br>I |
| **INCARCERATED GRIEVANCE PROGRAM** | TITLE OF GRIEVANCE<br>NOT RECEIVING ACCOMMODATIONS | CLASS CODE<br>22 |
| **SUPERINTENDENT RESPONSE** | SUPERINTENDENT'S SIGNATURE | DATE<br>1/10/22 |
| GRIEVANT<br>ANTHONY, M. | DIN<br>14A2070 | HOUSING UNIT<br>SDP |

In this investigation, the grievant alleges that the grievant notified staff that the grievant required specific accommodations to properly function in the grievant's cell. The grievant also alleges the grievant requires a talking watch for count notifications; however, the grievant was told the grievant would not be receiving this request and this is a violation of Directive #2612. The grievant further alleges the grievant is continually receiving negative informationals and the grievant was also denied the grievant's UC TV.

Medical reports that the grievant has received several accommodations; however, other requests need to be addressed through security.

Health Services Policy Manual Item #1.43 –Specialty Care Referrals, the Facility Health Services Directors (FHSD) have the sole responsibility for providing treatment to the inmates under their care.

The grievant is advised to address any further similar medical concerns with medical staff via sick-call procedures.

Based on this investigation, this grievance is accepted to the extent that the grievant's RA request was modified; however, the grievant refused to sign for those specific accommodations.

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to the IGRC at the facility where the grievance was filed. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please provide a reason why you are appealing this decision to CORC.

GRIEVANT'S SIGNATURE                                          DATE

GRIEVANCE CLERK'S SIGNATURE                                   DATE

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)



**Corrections and Community Supervision**

NEW YORK STATE

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

## MEMORANDUM

From:    Shelley Mallozzi, Director, Inmate Grievance Program

SUBJ:    Receipt of Appeal

M ANTHONY 14A2070  5/14/2019
Mid-State Correctional Facility
Your grievance MS-23315-18 entitled
Grievances Not Answered
was rec'd by CORC on 3/21/2018

---

A disposition will be sent to you after the grievance is reviewed by CORC
The Harriman State Campus, 1220 Washington Avenue, Albany, NY 12226-2050 | (518) 457-8126 | www.doccs.ny.gov

EX MID 11 J

| NEW YORK STATE Corrections and Community Supervision | GRIEVANCE NO.<br>MS-23310-18 | | DATE FILED<br>2/12/18 |
|---|---|---|---|
| | FACILITY<br>MSCF | | POLICY DESIGNATION<br>I |
| INMATE GRIEVANCE PROGRAM | TITLE OF GRIEVANCE<br>EYE INJURY/CONCERNS | | CLASS CODE<br>22 |
| SUPERINTENDENT | SUPERINTENDENT'S SIGNATURE | | DATE<br>2/21/18 |
| GRIEVANT<br>ANTHONY, M. | | DIN<br>14A2070 | HOUSING UNIT<br>SDP |

In this investigation, the grievant alleges he is having vision problems and the eyeglasses he received are not helping with his problem. The grievant also alleges he has a sensorial disability.

The grievant's request for Reasonable Accommodations for Inmates with Sensorial Disabilities was denied on 7/14/17 and the grievant was made aware of this decision on 7/17/17. It was denied again upon review by the Superintendent on 7/24/17 and the grievant was made aware of this decision on 8/9/17. The grievant's other Reasonable Accommodation Request for his vision issue was modified on 8/9/17 (eyeglasses were ordered); however, further accommodations are not supported.

It is noted that issue was previously addressed in MS-23097-17, code 22, filed 8/14/17, "RA for Sensorial Disability Denied". This was heard by the IGRC on 8/17/17 with no appeal to the Superintendent.

Health Services Policy Manual Item #1.43 –Specialty Care Referrals, the Facility Health Services Directors (FHSD) have the sole responsibility for providing treatment to the inmates under their care.

The grievant is advised to address any further similar medical concerns with medical staff via sick-call procedures.

Based on this investigation, this grievance is denied.

I'll like to Appeal to Albany-

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please state why you are appealing this decision to C.O.R.C.

the grievance clerk and facility staff is maniputoting the system will never win

| GRIEVANT'S SIGNATURE | NYS DEPT OF CORRECTIONS AND COMMUNITY SUPERVISION | 3 – 8 – 18 |
|---|---|---|
| | | DATE |

| GRIEVANCE CLERK'S SIGNATURE | MAR 2 1 2018 | |
|---|---|---|
| | | DATE |

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)

Form 2133 (02/15)

RECEIVED
INMATE GRIEVANCE

EXHIBIT I



**Corrections and
Community Supervision**

ANDREW M. CUOMO                    ANTHONY J. ANNUCCI
Governor                          Acting Commissioner

## MEMORANDUM

From:      Shelley Mallozzi, Director, Inmate Grievance Program

SUBJ:      Receipt of Appeal

M ANTHONY  14A2070   5/14/2019
Mid-State Correctional Facility
Your grievance MS-23310-18 entitled
Eye Injury/Concerns Not Addressed
was rec'd by CORC on 3/21/2018

DATES OF RETALIATE

11-12-21 "LYIN' CLAIMIN' MY LIGHT IS COVERED

11-16-21 — ASK COUNSELOR WILLIAMSON TO FILE GRIEVANCE FORME

12-3-21 — DEPULY MS. KESOR CLAIM SHE'S ONLY GIVIN' ME A FEW ITEMS — (NOT GIVIN' ME ALL ITEMS) —

I, Sincere Smith Din # 18A4013 who has been on the
gallery with mr. Anthony 14A2070 for several months
and has heard mr. Anthony beg for his accommodations
from several staff employees here at mid-state correctional
facility. He has been constantly ignored, & even told no
by ORC Funk while I listened at my cell door.
I in fact have been punished by several of the
defendants he intends to file suit against for no penological
reason and in violation of my constitutional rights &
even lied on by several employees at this facility who
works in the step down program, the list of constant violations
goes on and on.

        I declare under penalty of perjury that the
foregoing is true and correct as to my belief and
knowledge of the matters alleged herein.

                                    Date 1/26/22

                                    Sincere Smith

I Kyle Sener, being duly sworn, says that:

The Staff at MIDSTATE C.F. have been denying Incarcerated Individual M. Anthony 17A2070 many things, he cannot get his markers exchanged. to be able to write sick call, grievances, & letters. He has no accommodations. I haven't seen any staff come to his cell with anything in plain they are torturing him by denying what he's entitled to. I have wrote letters for him to help. to no avail.

I declare under penalty of perjury that the foregoing is true and correct as to my believe and knowledge.

Dated 1/30/31





Case 9:22-cv-00113-GLS-ATB   Document 1-3   Filed 02/07/22   Page 1 of 1

MAURICE ANTHONY 14A2070

PO BOX 2500

MARCY, NY 13403

RECEIVED
FEB 07 2022

US CLERK DISTRICT
COURT
PO BOX 7367
LEGAL    100 SOUTH CLINTON ST.
MAIL    SYRACUSE NY 13261

Verification

I have read the foregoing complaint and hereby verify
that the matters herein are true, except to matters
alleged on information and belief, and as to those, I believe
them to be true. I certify under penalty of perjury
that the foregoing is true and correct.

Executed at Marcy, New york on July 18 22

MAURICE ANTHONY
_____
signature

MAURICE ANTHONY ...
_____
print