UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MAURICE ANTHONY,

                              Plaintiff,

                v.                                        9:22-CV-0113
                                                                               (GLS/ATB)

ORC GREEN et al.,

                              Defendants.
_____

APPEARANCES:

MAURICE ANTHONY
14-A-2070
Plaintiff, pro se
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

GARY L. SHARPE
Senior United States District Judge

## DECISION AND ORDER

Plaintiff Maurice Anthony commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 (hereinafter "Section 1983"), Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-213. (ADA), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. (hereinafter "Rehabilitation Act"), together with an application for leave to proceed in forma pauperis (IFP). Dkt. No. 1 ("Compl."); Dkt. No. 11 ("IFP Application").[1] By Decision and Order entered on May 3, 2022, plaintiff's IFP Application was

---

[1] Plaintiff filed an initial IFP application with his complaint, which was not properly completed. By Order entered on February 8, 2022, this action was administratively closed based on plaintiff's failure to comply with the filing fee requirement. Dkt. No. 4. Thereafter, plaintiff filed a second IFP application and inmate authorization form, and the Clerk was directed to reopen this action and restore it to the Court's active docket. *See* Dkt. Nos. 5, 6, 8. By Decision and Order entered on May 2, 2022, plaintiff's second IFP application was denied as incomplete and he was afforded a final opportunity to either pay the filing fee in full or submit a properly

granted, but following review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), this Court found that it was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 12 ("May 2022 Order"). In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *Id*. at 14-16.

Thereafter, plaintiff filed an amended complaint. Dkt. No. 18 ("Am. Compl."). By Decision and Order entered on October 4, 2022, the Court (1) found that plaintiff's ADA and Rehabilitation Act claims against the named defendants in their official capacities and plaintiff's Eighth Amendment claim against the named defendants in their individual capacities survived sua sponte review, and (2) directed plaintiff to provide the documents required for service. Dkt. No. 19 ("October 2022 Order").[2]

Because plaintiff failed to timely provide the documents required for service, Magistrate Judge Andrew T. Baxter issued a Text Order on November 15, 2022, which sua sponte extended plaintiff's deadline to provide these documents to December 1, 2022. Dkt. No. 21. Although plaintiff failed to comply with this deadline, he contacted the Court on December 6, 2022 regarding this action. Dkt. No. 22. In light of this communication and plaintiff's pro se status, Judge Baxter issued a Text Order on December 7, 2022, which (1) sua sponte granted plaintiff a final extension of time to January 6, 2023, to submit the documents required for service, and (2) advised plaintiff that his failure to timely comply with this Order may result in the dismissal of this action pursuant to Rules 4(m) and Rule 41(b) of

---

completed and signed IFP application. Dkt. No. 9. Thereafter, plaintiff filed his IFP Application, together with prison account statements. Dkt. Nos. 10, 11.

[2] The day after the October 2022 Order was entered, the Clerk's Office also sent plaintiff a letter advising him that he must submit thirteen (13) copies of his amended complaint, together with 13 USM-285 forms, for the U.S. Marshal to effect service on the named defendants. Dkt. No. 20.

the Federal Rules of Civil Procedure and Northern District of New York Local Rule 41.2(a). *Id.*

More than three weeks has passed since the expiration of the deadline set forth in the December 2022 Text Order, and plaintiff has yet to provide the documents necessary for service or request an extension of time to do so. Furthermore, plaintiff has not communicated with the Court or the Clerk's Office in any other respect since the December 2022 Text Order was issued.

An action cannot proceed unless and until service is completed. When a pro se prisoner is proceeding IFP, it is the Court's obligation to assist with service. *See* Fed. R. Civ. P. 4(c)(3) (Marshals Service must be appointed to serve process when plaintiff is authorized to proceed IFP); 28 U.S.C. § 1915(d) ("[T]he officers of the court shall issue and serve all process and perform all duties in [in forma pauperis] cases."); *see also Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996) ("By granting [the plaintiff] leave to pursue his § 1983 claim in forma pauperis, [the] Magistrate . . . shifted the responsibility for serving the complaint from [the plaintiff] to the court."); *Kavazanjian v. Rice*, No. 03-CV-1923, 2005 WL 1377946, at *2 (E.D.N.Y. June 6, 2005) (noting that, "[f]or plaintiffs proceeding in forma pauperis . . ., the U.S. Marshal's Office—not the plaintiff—is primarily responsible for effecting service"). However, the Court cannot assist with service unless and until the pro se prisoner has provided the required documents. *See Carpio v. Luther*, No. 06-CV-0857, 2009 WL 605300, at *1 (W.D.N.Y. Mar. 9, 2009) (acknowledging the Court's "obligation to assist a pro se incarcerated litigant . . . to cause the summons and complaint to be served" but noting further that "the plaintiff nonetheless retains the obligation to provide the necessary information" for

this to occur).³

Moreover, Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute it, or to comply with the procedural rules or orders of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).⁴  This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190 (RSP/RWS), 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996).⁵

Only because plaintiff is proceeding pro se, he is afforded a final opportunity to comply with the December 2022 Text Order, or explain why he is unable to do so.  In the event plaintiff fails to comply with this Decision and Order within thirty (30) days, this action will be dismissed without prejudice without further Order of the Court pursuant to Fed. R. Civ. P. 4(m) and 41(b) and N.D.N.Y. L.R. 41.2(a).

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff must, **within thirty (30) days** of the filing date of this Decision

---

³ Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, in the absence of a showing of good cause, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  In this case, the amended complaint was accepted for filing on October 14, 2022.

⁴ It is well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

⁵ Even though Rule 41(b) speaks only of a dismissal on a motion by a defendant, courts have recognized that the rule does not abrogate a district court's inherent power to dismiss a complaint sua sponte for failure to prosecute. *See Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir. 1980).  The correctness of a Rule 41(b) dismissal for failure to comply with an order of the court or the procedural rules of the court is determined in light of five factors: (1) the duration of the plaintiff's failure to comply with the court order (or the court's procedural rules), (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

and Order, provide the Clerk with the documents required for service; and it is further

**ORDERED** that, in the event plaintiff fails to timely comply with this Decision and Order, this action will be **dismissed without prejudice without further Order of this Court** and the Clerk shall close the case; and it is further

**ORDERED** that, upon plaintiff's compliance with this Decision and Order, the file shall be returned to the Court for further review; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff, along with a copy of the amended complaint.

**IT IS SO ORDERED**.

February 1, 2023
Albany, New York

Gary L. Sharpe
U.S. District Judge